IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                           No. CR 07-1164 JB

ROBERT L. HAMMONS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Letter from Defendant Robert L. Hammons to the Court (undated), received and filed October 18, 2010 (Doc. 75)("Letter"). The Court held a hearing on October 22, 2010. The primary issues are: (i) whether the Court should appoint new counsel for Defendant Robert L. Hammons; and (ii) whether the Court should allow Hammons to withdraw from his guilty plea. Because Hammons' current counsel, Phillip Medrano, Assistant Federal Public Defender, does not oppose Hammons' request for new counsel, and because there exists good cause to appoint new counsel, the Court will grant Hammons' request for new counsel. Because the Court does not want Hammons to withdraw his guilty plea without an opportunity to discuss his situation with new counsel, the Court will deny his request to withdraw his guilty plea without prejudice to him renewing his request to withdraw after he consults with his new counsel.

**PROCEDURAL BACKGROUND**

      On October 30, 2008, Hammons pled guilty to Count 1 of the two-count Indictment, which charged Hammons with a violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). See Plea Agreement, filed October 30, 2008 (Doc. 33). After Hammons entered into the Plea Agreement,

Plaintiff United States of America filed a Notice of Intention to Seek Enhanced Sentence Pursuant to the Armed Career Criminal Provisions of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. See Notice of Intention to Seek Enhanced Sentence Pursuant to the Armed Career Criminal Provisions of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 at 1, filed April 21, 2009 (Doc. 38)("Notice"). In its Notice, the United States contends that 18 U.S.C. § 924 provides that a person convicted of violating 18 U.S.C. § 922(g), who has previously been convicted of at least three "violent felonies," shall be imprisoned not less than fifteen years, and that Hammons has the requisite number of prior violent felony convictions. See Notice at 1.

Hammons objected to the United States' Notice, arguing that his false imprisonment convictions and his aggravated assault conviction do not fall within the definition of "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)("ACCA"). Defendant's Objection to Imposition of Enhanced Sentence Pursuant to the Armed Career Criminal Provisions of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 at 1, 8, filed August 28, 2009 (Doc. 47). The Court took Hammons' objections under advisement. On October 6, 2010, the Court overruled Hammons' objections to the United States' Notice, finding that New Mexico's aggravated assault and false-imprisonment statutes each constitute "violent felonies" under the ACCA. Memorandum Opinion and Order at 1-2, filed October 6, 2010 (Doc. 73).

The Court set Hammons' sentencing for October 22, 2010. On October 18, 2010, the Court received a letter from Hammons, who is currently being detained at the Sandoval Correctional Center in Bernalillo, New Mexico, pending sentencing in this matter. In his letter, Hammons states that he repeatedly informed Mr. Medrano that he did not want to plead guilty to 18 U.S.C. § 924(e). See Letter at 1. Hammons also states that, in addition to informing Mr. Medrano that he had no desire to plea guilty to § 924(e), he has requested that Mr. Medrano file motions on his behalf and

conduct a thorough investigation. See Letter at 1.  Specifically, Hammons represents that he has requested Mr. Medrano to interview Jamie Boyd, who allegedly was involved in the incident which led to Hammons' arrest. See id.  Hammons states that he and Mr. Medrano seem to be at odds with regard to his case.  See id.  For these reasons, Hammons states, he is withdrawing his plea and asking the Court to appoint him new counsel, because he cannot seem to get Mr. Medrano to work with him in his defense.  See Letter at 1.

On October 20, 2010, the United States filed a response opposing Hammons' motion to withdraw his guilty plea and for appointment of new counsel.  See United States' Response to Defendant's Motion for Withdrawl [sic] of Guilty Plea and Appointment of New Counsel (Doc. 75) Filed on October 18, 2010, filed on October 20, 2010 (Doc. 78)("Response").  The United States states that it opposes "the Defendant's withdrawl [sic] of [his] guilty plea for the same reasons that were previously argued in the government's response to defendant's first motion to withdraw guilty plea." See Response at 1.  In its previous briefing, the United States argued that the seven factors the United States Court of Appeals of the Tenth Circuit considers when determining whether a district court has acted unjustly or unfairly in denying a motion to withdraw a guilty plea -- (i) whether the defendant has asserted his innocence; (ii) whether the government will be prejudiced; (iii) whether the defendant has delayed in filing his motion; (iv) the inconvenience to the court if the motion is granted; (v) the quality of the defendant's assistance of counsel; (vi) whether the plea was knowing and voluntary; and (vii) whether granting the motion would cause a waste of judicial resources -- weighed against granting Hammons' first motion to withdraw his guilty plea. See United States' Response to Defendant's Motion to Withdraw Guilty Plea (Doc. 59) at 2-4, filed September 24, 2009 (Doc. 53).  The United States also asks the Court to deny Hammons' request for new counsel. See Response at 1.  The United States states that Hammons requested new counsel

two days before his sentencing date.  See id. at 1.  The United States contends that, at Hammons' plea hearing, Hammons expressed no dissatisfaction with his counsel and the plea agreement expressly advised him that he may be an armed career criminal.  See Response at 1.  The United States also asserts that the appointment of new counsel would not change the sentence Hammons is facing, because the Court has determined that he must be sentenced as an armed career criminal.  See id. at 2.

At the hearing on October 22, 2010, Mr. Medrano stated that he does not oppose Hammons' request for appointment of new counsel.  Mr. Medrano stated that the conflict between himself and Hammons was insurmountable, and that he believed that it was best that the Court appoint new counsel.  Mr. Medrano also stated that Hammons' letter was indicative of the complete break down of the attorney-client relationship.

## RELEVANT LAW REGARDING APPOINTMENT OF NEW COUNSEL

To warrant substitution of counsel, a defendant must show good cause, such as "a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which leads to an apparently unjust verdict." United States v. Beers, 189 F.3d 1297, 1302 (10th Cir. 1999). "Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney; rather, there must be a total breakdown in communications." United States v. Stewart, 378 F. App'x 773, 777 (10th Cir. 2010).  To prove a total breakdown in communication, a defendant must point to evidence of a severe and pervasive conflict with his attorney or evidence of minimal contact with his attorney -- such that meaningful communication is not possible.  See United States v. Stewart, 378 F. App'x at 777.  Untimely requests for substitution of counsel create problems "for the efficient administration of justice by the trial court," but "there are situations in which a late filed motion for substitution should be granted." United

States v. Johnson, 961 F.2d 1488, 1490 (10th Cir. 1992).  The Tenth Circuit has stated that, in assessing whether to grant a motion to substitute counsel, a court should consider: (i) whether the defendant's request was timely; (ii) whether the trial court adequately inquired into defendant's reasons for making the request; (iii) whether the defendant-attorney conflict was so great that it led to a total lack of communications precluding an adequate defense; and (iv) whether the defendant substantially and unreasonably contributed to the communication breakdown.  See United States v. Porter, 405 F.3d 1136, 1140 (10th Cir. 2005).  Courts balance these factors when determining whether to grant substitution of counsel.  See United States v. Lott, 433 F.3d 718, 725 (10th Cir. 2006)(weighing the four factors, and determining that although the first factor weighs in favor of granting the defendant's motion for substitute counsel, the remaining three factors weigh against granting his motion).

## ANALYSIS

The Court will grant Hammons' request for new counsel, because the Court finds that there has been a complete breakdown of communication between Mr. Medrano and Hammons, and because Mr. Medrano does not oppose Hammons' request.  Because the Court does not want Hammons to withdraw his guilty plea without an opportunity to discuss his situation with new counsel, the Court will deny his request to withdraw his guilty plea without prejudice to him renewing his request to withdraw after he consults with his new counsel.

Upon a careful consideration of the factors set forth by the Tenth Circuit, the Court believes that the factors weigh in favor of granting Hammons' request for new counsel.  At the hearing on October 22, 2010, the Court inquired into Hammons' reasons for requesting new counsel.[1]  The

---

[1] The Court conducted this inquiry outside the presence of Assistant United States Attorney David Walsh so that Mr. Medrano and Hammons could explain fully without raising the risk of

Court also discussed Hammons' request with Mr. Medrano, who stated that he believes it would be best if the Court appointed new counsel.

Hammons' request for new counsel is not timely, as Hammons filed his request for new counsel two days before his sentencing hearing. The Court believes, however, that this case presents one of the "situations in which a late filed motion for substitution should be granted," United States v. Johnson, 961 F.2d at 1490, because of the total breakdown in communication between Hammons and Mr. Medrano. At the hearing, Mr. Medrano stated that Hammons' letter is indicative of the complete break down of the attorney-client relationship and that the conflict is insurmountable. Mr. Medrano also represented that Hammons refuses to speak to him. In his letter, and at the hearing, Hammons set forth the reasons underlying his request for new counsel, including Mr. Medrano's alleged failure to file motions of his behalf and to conduct a thorough investigation. The Court will not detail the specific reasons that Hammons set forth at the hearing pertaining to why he requests new counsel, so that Hammons does not risk the waiver of privilege or work-product protection. Based on Hammons' and Mr. Medrano's representations, however, the Court is convinced that their relationship will not improve and that the conflict between them has resulted in a total breakdown of communication. See United States v. Stewart, 378 F. App'x at 777 (stating a defendant must point to evidence of a severe and pervasive conflict with his attorney or evidence of minimal contact with his attorney -- such that meaningful communication was not possible -- to prove a total breakdown in communication).

Although Hammons may have contributed to the breakdown in communication, because he

---

waiver of attorney-client privilege or work-product protection. The Court will not detail the specific reasons that Hammons gave pertaining to why he has requested new counsel, but, based on Hammons' and Mr. Medrano's representations, the Court is satisfied that the attorney-client relationship is irretrievably broken.

refuses to speak to Mr. Medrano, see United States v. Lott, 433 F.3d at 726 (finding that the district court did not abuse its discretion in finding that the defendant contributed slightly to the breakdown in communication, because the defendant sent a letter refusing to allow his attorney to represent him, and refused to make comments or corrections to the Presentence Report), neither party has directed the Court's attention to evidence that Hammons has substantially and unreasonably contributed to the communication breakdown. Moreover, the Court believes, based on Mr. Medrano's and Hammons' representations, that Hammons did not unreasonably contribute to the communication breakdown.

After careful consideration of the factors, the Court concludes that the factors weigh in favor of granting Hammons' request for new counsel, because although Hammons did not timely request new counsel, there has been a total breakdown in communication between Mr. Medrano and Hammons.

**IT IS ORDERED** that the request in Defendant Robert L. Hammons' Letter to the Court, received and filed October 18, 2010 (Doc. 75), that he be given new counsel is granted. Hammons' request to withdraw his guilty plea is denied without prejudice to him renewing his request to withdraw after he consults with his new counsel.

                                                      _____
                                                      UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
David M. Walsh
Paige Messec
  Assistant United States Attorney
Albuquerque, New Mexico

  *Attorneys for the Plaintiff*

Phillip P. Medrano
 Assistant Federal Public Defender
Albuquerque, New Mexico

  *Attorneys for the Defendant*