IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                     No. CR 07-1164 JB

ROBERT L. HAMMONS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Amended Sentencing Memorandum, filed November 29, 2011 (Doc. 97)("Sentencing Memorandum"). The Court held a hearing on February 2, 2012. The primary issues are whether: (i) the Court should sentence Defendant Robert L. Hammons to 180-months imprisonment consistent with the statutory mandatory minimum based on his armed career criminal status; and (ii) whether the Court should designate the Bureau of Prisons' Medical Center for Federal Prisoners in Springfield, Missouri as his place of imprisonment. The Court will grant these requests.

**FACTUAL BACKGROUND**

On February 3, 2007, an officer with the United States Forest Service observed Hammons and a woman "in a white Chevrolet sport utility vehicle parked near an entrance to the picnic areas." Presentence Investigation Report ¶ 10, at 4, disclosed February 20, 2009 ("PSR"). The officer made contact with Hammons and the woman to determine if they had the required parking permit to use the area. See PSR ¶ 10, at 4. While approaching the vehicle, the officer "observed in plain view, Mr. Hammons who was sitting in the driver's seat, in possession of a spoon containing a white powdery substance." PSR ¶ 10, at 4. The officer also observed the woman "holding a clear zip lock

bag containing a white powdery substance similar to what was in the spoon being held by Mr. Hammons." PSR ¶ 10, at 4. The officer arrested both individuals for possession of narcotics. See PSR ¶ 11, at 4. During the search, Hammons advised the officer that "the narcotics and everything belonged to him" rather than to the woman. PSR ¶ 11, at 4. During a search of the vehicle, "the officer located a Smith and Wesson .22 caliber semi-automatic handgun . . . with a fully loaded magazine inside a metal box lying on the console of the vehicle." PSR ¶ 11, at 4. The firearm was stolen. See PSR ¶ 11, at 4. The zip lock bag contained "less than one ounce of marijuana, used hypodermic syringes, and a clear zip lock bag containing two kinds of prescription drugs along with a white powdery substance that later field tested positive for methamphetamine." PSR ¶ 11, at 4. "The weight of the methamphetamine seized was not available." PSR ¶ 11, at 4. Hammons advised the officer that he had lent someone "$150 to purchase methamphetamine and held the firearm as collateral." PSR ¶ 12, at 5. This person "was supposed to pay the $150.00 at a later date and then the firearm would be returned." PSR ¶ 13, at 5. During a later interview, Hammons stated that he obtained the firearm during a methamphetamine transaction in lieu of receiving $150.00 for the methamphetamine. See PSR ¶ 13, at 5.

**PROCEDURAL BACKGROUND**

On October 30, 2008, Hammons pled guilty to Count 1 of the two-count Indictment, which charged Hammons with a violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). See Plea Agreement, filed October 30, 2008 (Doc. 33). The USPO disclosed a PSR for Hammons on February 20, 2009. In the PSR, the USPO calculates Hammons' total offense level to be 31. See PSR ¶ 31, at 8. The PSR applies a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2) based on "the defendant committ[ing] any part of the instant offense subsequent to sustaining at least two felony convictions for either a crime of violence or a controlled substance offense." PSR ¶ 22, at

6. The PSR applies a 4-level enhancement under U.S.S.G. § 2K2.1(b)(6), based on "the defendant us[ing] or possess[ing] any firearm or ammunition in connection with another felony offense," and having methamphetamine in his possession during the commission of the offense. PSR ¶ 23, at 7. The PSR applies a 2-level enhancement under U.S.S.G. § 2K2.1(b)(4)(A), because the firearm in Hammons' possession was stolen. See PSR ¶ 24, at 7. After calculating an adjusted offense level of 30, see PSR ¶ 28, at 7, the PSR instead applies an offense level of 34 under U.S.S.G. § 4B1.4(b)(3)(A) based on Hammons using or possessing a firearm in connection with either a crime of violence or a controlled substance offense. See PSR ¶ 29, at 7-8. The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on Hammons' acceptance of responsibility. See PSR ¶ 30, at 8. Before applying the armed career criminal provisions in U.S.S.G. § 4B1.4(c), the PSR lists his criminal history category as V, based on 10 criminal history points. See PSR ¶ 43, at 13. The USPO then applies a criminal history category of VI under U.S.S.G. § 4B1.4(c) based on Hammons using or possessing a firearm in connection with either a crime of violence or a controlled substance offense. See PSR ¶ 43, at 13. The PSR calculates that an offense level of 31 and a criminal history category of VI results in a guideline imprisonment range of 188 to 235 months. See PSR ¶ 93, at 24. On September 1, 2009, the USPO disclosed an Addendum to the PSR to address Hammons' objections that his prior convictions for aggravated assault and false imprisonment are not crimes of violence.

After Hammons entered into the Plea Agreement, Plaintiff United States of America filed a Notice of Intention to Seek Enhanced Sentence Pursuant to the Armed Career Criminal Provisions of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. See Notice of Intention to Seek Enhanced Sentence Pursuant to the Armed Career Criminal Provisions of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 at 1, filed April 21, 2009 (Doc. 38)("Notice"). In its Notice, the United States contends that 18 U.S.C.

§ 924 provides that a person convicted of violating 18 U.S.C. § 922(g), who has previously been convicted of at least three "violent felonies," shall be imprisoned not less than fifteen years, and that Hammons has the requisite number of prior violent felony convictions. See Notice at 1. Hammons objected to the United States' Notice, arguing that his false imprisonment convictions and his aggravated assault conviction do not fall within the definition of "violent felony" under the ACCA. Defendant's Objection to Imposition of Enhanced Sentence Pursuant to the Armed Career Criminal Provisions of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 at 1, 8, filed August 28, 2009 (Doc. 47)("Objection"). At the sentencing hearing on January 4, 2010, the Court took Hammons' objections under advisement. On October 6, 2010, the Court overruled Hammons' objections to the United States' Notice, finding that New Mexico's aggravated assault and false-imprisonment statutes each constitute "violent felonies" under the ACCA. See Memorandum Opinion and Order at 1-2 (Doc. 73)("Oct. 6, 2010 MOO").

On January 12, 2012, the Court issued a Memorandum Opinion and Order that dealt with a variety of Hammons' other objections to the USPO's calculation of his sentencing guideline range. See Doc. 98 ("Jan. 12, 2012 MOO"). Following the resolution of those objections, the Court concluded that Hammons has an offense level of 30 and a criminal history category of IV. Other than with respect to the objections to the USPO's calculation that the Court has sustained, the Court adopts the PSR's sentencing guideline calculation as its own. An offense level of 30 and a criminal history category of IV yields a guideline imprisonment range of 135 to 168 months. Pursuant to the fifteen-year statutory minimum under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), Hammons guideline imprisonment figure is 180 months. See 18 U.S.C. § 924(e)(1).

On November 11, 2011, Hammons filed a sentencing memorandum. See Doc. 90. Hammons eventually amended this sentencing memorandum. See Doc. 97. In his amended

-4-

Sentencing Memorandum, Hammons asks the Court for a sentence of 180-months imprisonment -- the statutory minimum for his offense. See Sentencing Memorandum at 12-13. He asks the Court to consider "that two (2) of the predicate convictions upon which the enhanced sentence as an armed career criminal is based, and the most serious convictions in his history, date back over thirty (30) years ago, and the third predicate conviction(s) relate to events over ten (10) years ago." Sentencing Memorandum at 10. He concedes that he suffered no abuse as a child, but notes "that, since his father expected all the children to work and do daily chores 'there wasn't much time to be a child.'" Sentencing Memorandum at 10. He notes that, after dropping out of high school when he was younger, "he returned to studying and persevered to obtain first a General Equivalency Diploma, then an Associate's Degree in general studies and an Automotive Technician Certificate." Sentencing Memorandum at 1. He states that he has worked primarily in the automotive field and has worked throughout his life. See Sentencing Memorandum at 11. He asks the Court to consider that he "is a veteran, having served his country in the United States Coast Guard, from which he was honorably discharged." Sentencing Memorandum at 11. He asserts that he "has a close relationship with his partner, Pamela Blackwell," and notes that "he has also served as a positive role model to her children." Sentencing Memorandum at 11. He states that he is an active member of his church. See Sentencing Memorandum at 11-12. He contends that he "is now 62 years old and has several medical and psychological problems." Sentencing Memorandum at 12. He asks the Court to consider that he has health problems such as chronic back pain, elevated blood pressure, thyroid problems, and chronic dental problems. See Sentencing Memorandum at 12. He states that, based on the mandatory sentence he now faces, he "is confronting the bleak reality of spending the rest of his life in federal prison." Sentencing Memorandum at 12. He asks the Court to recommend the "Bureau of Prisons's Medical Center for Federal Prisoners (MCFP) in Springfield, Missouri" as his

detention facility.  Sentencing Memorandum at 12.[1]

In response to Hammons' Sentencing Memorandum, the USPO issued a Second Addendum to the PSR.  The USPO responds to his objection to the 4-level enhancement under U.S.S.G. § 2K2.1(b)(6) by stating that he was in possession of a firearm and engaged in a controlled substance offense.  See Second Addendum to PSR at 1-2.  To support its application of this guideline on the basis that a controlled substance offense occurred, the USPO points out that Hammons "was subsequently charged in the Second Judicial District Court, Albuquerque, New Mexico with trafficking a controlled substance, a second degree felony punishable by nine years imprisonment" based on his conduct in this incident.  Second Addendum to PSR at 1-2.[2]  The USPO acknowledges that prosecutors subsequently dismissed this charge.  See Second Addendum to PSR at 1-2.  Similarly, the USPO relies on these two facts to respond to his objection that a base offense level of 34 should not apply under U.S.S.G. § 4B1.4(a)(2) and 4B1.4(b)(3)(A).  See Second Addendum to PSR at 2.  Regarding his objection to the application of a criminal history category of VI under U.S.S.G. § 4B1.4(c)(2), the USPO similarly relies on these two facts to support its imposition of the higher criminal history category.  See Second Addendum to PSR at 2.  Regarding Hammons' objection that the offenses in paragraphs 38 and 39 of the PSR should receive treatment as a single sentence, the USPO asserts that these sentences should receive separate treatment, because "prior

---

[1]On November 16, 2011, the United States filed the United States' Response to Defendant's Sentencing Memorandum (Doc. 90).  See Doc. 93 ("Response").  This Response addressed only Hammons' objections to his guideline calculation as opposed to his request for a 180-month sentence.  See Response at 1-2.

[2]Under New Mexico law, a second degree felony is: (i) punishable by "fifteen years imprisonment" if it results "in the death of a human being"; (ii) punishable by "fifteen years imprisonment" if it is a "sexual offense against a child"; and (iii) "nine years imprisonment" otherwise.  See N.M.S.A. 1978, § 31-18-15(A).

sentences are always counted separately if the sentences imposed were for offenses that were separated by an intervening arrest." Second Addendum to PSR at 3. The USPO asserts that there was an intervening arrest in this case. See Second Addendum to PSR at 3. The USPO agreed with his objection that the number of criminal history points assigned in paragraph 38 should be 2 rather than 3 based on the length of the sentence. See Second Addendum to PSR at 3. Pursuant to an amendment to the sentencing guidelines effective on November 1, 2010, which eliminated "recency" points under U.S.S.G. § 4A1.1(e), the USPO removed the recency points it applied based on the commission of "the instant offense less than two years after release from imprisonment." Second Addendum to PSR at 3. The USPO then reduced his criminal history points to 7 from 10, which lowered his default criminal history category to IV. See Second Addendum to PSR at 3. The USPO further stated that the applicable criminal history category would still be VI based on the career offender provisions in U.S.S.G. § 4B1.4(c)(2). See Second Addendum to PSR at 3. On November 18, 2011, the USPO disclosed a Third Addendum to the PSR. This addendum states that Hammons provided a letter indicating his acceptance of responsibility. See Third Addendum to PSR at 1. The addendum then quotes the relevant provisions from the letter. See Third Addendum to PSR at 1-2.

At the hearing on February 2, 2012, Hammons reurged his request for a sentence at the bottom of the advisory guideline range -- 180-months imprisonment. See Transcript of Hearing at 3:9-24 (taken February 2, 2012)(Court)("Tr.").[3] Hammons emphasized that he has significant health problems that require special treatment in prison. See Tr. at 4:16-5:11 (Fisher). The United States agreed that a sentence of 180-months imprisonment would be appropriate. See Tr. at 6:7-9 (Walsh).

---

[3]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

## ANALYSIS

Given that Hammons has significant health problems, the Court believes that a recommendation of the Bureau of Prisons' Medical Center for Federal Prisoners in Springfield, Missouri as his place of incarceration is appropriate. That facility has a variety of resources that will be helpful to Hammons in light of his medical condition. Accordingly the Court will make that recommendation. Additionally, the Court agrees with the parties that a sentence of 180-months imprisonment is appropriate.

There being no disputes about the factual findings in the PSR, the Court adopts them as its own. The Court has carefully considered the parties' arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is appropriate for Hammons' offense. The Court agrees with the parties that a sentence of 180 months is sufficient to reflect the seriousness of this offense, particularly given Hammons' age and the length of the mandatory minimum in this case -- fifteen years. Hammons will be over seventy years old when he completes his sentence.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 180 months is appropriate to reflect the seriousness of Hammons' crime. This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). The fifteen-year mandatory minimum sentence is particularly large given Hammons' age. The sentence may actually be too lengthy to provide just punishment, but the Court has no

discretion to override a mandatory minimum sentence that Congress has set. See, e.g., United States v. De Paz, 200 F.App'x 791, 792 (10th Cir. 2006)(unpublished)("However, when a defendant pleads guilty to a crime that carries a mandatory minimum sentence, the court has no discretion to do anything other than impose the sentence required by the statute."); United States v. Cummins, No. 06-1339, 2008 WL 4821626, at *8 (D.N.M. July 1, 2008)(Browning, J.)("While the court may vary below the advisory Guideline range, the court does not have such discretion to depart or vary below the statutory minimum sentence."). Given the length of the sentence and the effect of the mandatory minimum, the Court believes that the sentence reflects the seriousness of the offense, affords adequate deterrence to both Hammons and the public, protects the public, and avoids unwarranted sentencing disparities among similarly situated defendants. While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Hammons to 180-months imprisonment.

**IT IS ORDERED** that the requests for a sentence of 180 months and for a designation of the Bureau of Prisons' Medical Center for Federal Prisoners in Springfield, Missouri as Defendant Robert L. Hammons place of imprisonment in the Amended Sentencing Memorandum, filed

November 29, 2011 (Doc. 97), are granted.

                                        _____
                                        UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
David M. Walsh
Paige Messec
  Assistant United States Attorneys
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Charles Nicholas Fisher
Allison & Fisher
Albuquerque, New Mexico

      *Attorneys for the Defendant*