## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ROBERT LESTER HAMMONS,**

        **Petitioner,**

v.                                 **No. CV 16-00499 RJ/LAM**

**KAREN TRACY, WARDEN,**

        **Respondent.**

## ORDER

**THIS MATTER** is before the Court on the *pro se* Petitioner, Robert Lester Hammons'

28 U.S.C. § 2241 Habeas Corpus Petition (*CV Doc. 1*).  The Court has also reviewed the docket

in Petitioner's criminal Case No. CR 07-01164 JB.

Petitioner's Habeas Corpus Petition recites that he seeks relief under the Supreme Court's

ruling in *Johnson v. United States* (*CV Doc. 1* at 1-3).  However, Petitioner may only challenge

his conviction and sentence under *Johnson* by a motion under 28 U.S.C. § 2255 and may not

seek relief under Section 2241.  *See* 28 U.S.C. § 2255(a) and (e); *Bradshaw v. Story,*

86 F.3d 164, 166 (10th Cir. 1996) ("The exclusive remedy for testing the validity of a judgment

and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255").

Petitioner claims the remedy under § 2255 is inadequate and ineffective because he "was forced

to sign an Agreement with the Opposing Party which only allows a contingency Clause which

only gives Petitioner one claim of Ineffective Assistance of Counsel."  (*CV Doc. 1* at 3).

Without reaching the merits of any issue regarding Petitioner's Plea Agreement, the presence of

any clause limiting collateral review in a plea agreement does not render the § 2255 remedy

inadequate or ineffective, and Petitioner may assert a challenge to such a clause in a § 2255

proceeding.  *See United States v. Hahn,* 359 F.3d 1315, 1325 (10th Cir. 2004).

Therefore, the Court intends to recharacterize Petitioner's Habeas Corpus Petition as a first 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.  Pursuant to *Castro v. United States,* 540 U.S. 375 (2003), when

> a court recharacterizes a pro se litigant's motion as a first § 2255 motion . . . the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restriction on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Id.* at 383.   Consistent with *Castro,* the Court herby notifies Petitioner that it intends to recharacterize his motion as a § 2255 motion and afford him an opportunity to withdraw the motion or to amend it to add additional claims he may have.  *See* Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts (providing that a motion to vacate, set aside, or correct sentence must: "(1) specify all grounds for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.").  If Petitioner fails to timely amend or withdraw his motion, then Petitioner's Habeas Corpus Petition will be recharacterized and any subsequent § 2255 motions will be subject to the restriction on "second or successive" motions in 28 U.S.C. §§ 2244 and 2255(h).

**IT IS THEREFORE ORDERED** that, **within twenty-one (21) days of the entry of this Order**, Petitioner Robert Lester Hammons is **GRANTED** leave to amend or withdraw his Petition (*CV Doc. 1*), which the Court intends to recharacterize as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that the Clerk of the Court **MAIL** a copy of this Order, together with a form § 2255 motion and instructions, to Petitioner and to his CJA appointed counsel in CR 07-01164 JB, Charles N. Fisher.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
**LOURDES A. MARTÍNEZ**