IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                     No.    CV 16-0499 JB/LAM
                                                                   CR 07-1164 JB

ROBERT L. HAMMONS,

    Defendant/Movant.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on *Defendant-Movant Robert L. Hammons' Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255* [*Doc. 6*],[2] filed on June 23, 2016. Plaintiff/Respondent (hereinafter "the Government") filed a response on November 29, 2016. [*Doc. 20*], and Defendant/Movant (hereinafter "Defendant") filed a reply on January 27, 2017 [*Doc. 23*]. United States District Judge James O. Browning referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 9*]. Having considered the motion, response, relevant law, and the record in

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Hereinafter, all documents from Case No. CIV-16-0499 cited in this decision will be designated as "*Doc.*" followed by their docket number, and all documents from Case No. CR-07-1164 cited in this decision will be designated as "*Cr.Doc.*"

this case and in Defendant's underlying criminal case contained in Case No. CR-07-1164, the undersigned recommends, for the reasons set forth below, that Defendant's § 2255 motion [*Doc. 6*] and be **DENIED** and that this case be **DISMISSED with prejudice**.

### Factual and Procedural Background

On October 30, 2008, pursuant to a Plea Agreement [*Cr.Doc. 33*], Defendant pled guilty to Count 1 of an Indictment [*Cr.Doc. 2*], which charged him with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On February 2, 2012, Defendant was sentenced to a term of 180 months imprisonment, and 3 years of supervised release. [*Cr.Doc. 109* at 2-3].

In his § 2255 motion, Defendant contends that his convictions for false imprisonment and aggravated assault on a household member are no longer violent felonies under either the Armed Career Criminal Act ("ACCA") or the Sentencing Guidelines following the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson 2015*"). *See* [*Doc. 6* at 4]. Defendant contends that, without the enhancements imposed pursuant to the ACCA and the Sentencing Guidelines, Defendant is subject to a sentence of no more than ten years. *See id.* at 24. Therefore, Defendant asks the Court to vacate his sentence and resentence him. *See id.*

In response, the Government concedes that Defendant's false imprisonment convictions are no longer valid predicate offenses under the ACCA. *See* [*Doc. 20* at 2]. However, the Government contends that Defendant is still an armed career criminal because he has three remaining valid ACCA-predicate convictions -- two prior convictions for Oregon robbery in the first degree, and one prior conviction for New Mexico aggravated assault against a household member with a deadly weapon. *See id.*

In reply, Defendant contends that a conviction under Oregon's statute for third degree robbery does not constitute a crime of violence under the ACCA's force clause because it does not meet the definition of "violent force" required by *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson 2010*"). *See* [*Doc. 23* at 3]. Defendant notes that his prior convictions were under Oregon's first degree robbery statute, which requires that a person commit robbery in the third degree and is either armed with a deadly weapon, uses or attempts to use a dangerous weapon, or causes or attempts to cause serious physical injury to any person. *See id.* at 2-3. Defendant states that it "is not conclusive" as to whether Oregon's first degree robbery statute sets forth separate elements of commission of the offense, or whether it sets forth alternative means of committing the offense. *Id.* at 3. Therefore, Defendant asks the Court to "give consideration as to whether or not [Oregon's first degree robbery statute] is setting forth the elements of the offense of robbery in the first degree or describing the alternative means by which the offense can be committed." *Id.*

In addition, Defendant contends that his conviction for New Mexico aggravated assault against a household member is not a violent felony for purposes of the ACCA. *See id.* at 4-9. Defendant acknowledges that the Tenth Circuit in *United States v. Maldonado-Palma*, 839 F.3d 1244 (10th Cir. 2016) held that New Mexico aggravated assault is a crime of violence under the Sentencing Guidelines, U.S.S.G. § 2L1.2(b)(1)(A)(ii), and Defendant states that he recognizes that "the Court may consider itself at least guided, if not bound, by the circuit court's ruling." *Id.* at 9. Nevertheless, Defendant maintains that New Mexico aggravated assault does not require sufficient physical force to constitute a violent felony because a person "can violate a New Mexico aggravated assault statute, including against a household member, without either intending to injure the victim or, at least, intending to cause the victim to fear injury." *Id.* at 7

3

(citation omitted). Defendant also contends that "the statute under which [Defendant] was convicted differs from the statue under which Mr. Maldonado-Palma was convicted, specifically requiring that the aggravated assault be against a 'household member.'" *Id.* at 9.

### **Discussion**

The United States Supreme Court recently ruled in *Beckles v. United States*, 137 S.Ct. 886, 897 (2017) that the Sentencing Guidelines are not subject to a void-for-vagueness challenge. In addition, the parties filed a joint statement in which they state that the ruling in *Beckles* "does not affect the issues raised in Defendant's pending § 2255 motion since Defendant was sentenced as an armed career criminal under [the ACCA]." [*Doc. 25*]. Therefore, the Court will only consider Defendant's claims regarding the ACCA, and will not address Defendant's claims that he was improperly sentenced under the Sentencing Guidelines.

Under the ACCA, an individual who violates § 922(g) (*e.g.*, being a felon in possession of a firearm or ammunition), and who has "three previous convictions . . . for a violent felony or a serious drug offense," will receive a mandatory, minimum 15-year sentence. 18 U.S.C. § 924(e). The statute defines the term "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added). The emphasized clause is referred to as the "residual clause," and in *Johnson 2015* the Supreme Court held that the residual clause "denies fair notice to defendants and invites arbitrary enforcement by judges," and, therefore, violates the due process clause of the Constitution. *Johnson 2015*, 135 S.Ct. at 2557.

Now that the residual clause has been found to be unconstitutional, the Court must determine whether Defendant has three prior convictions that satisfy the definition of "violent felony" under the remaining clauses of the ACCA. The Government concedes that Defendant's false imprisonment convictions are no longer valid predicate offenses under the ACCA (*see Doc. 20* at 2), and the Court finds no reason to find otherwise. Therefore, the Court must determine whether Defendant's convictions for Oregon first degree robbery and New Mexico aggravated assault against a household member are violent felonies under the ACCA. *See* [*Doc. 27-1* at 7-12] (Presentence Report setting forth Defendant's prior convictions). Since these convictions are not for enumerated offenses under § 924(e)(2)(B)(ii), the Court must consider whether they fall under the "force" clause under § 924(e)(2)(B)(i). In *Johnson 2010*, the Supreme Court held that the term "physical force" in § 924(e)(2)(B)(i) must be "strong physical force," "a substantial degree of force," or "*violent* force -- that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140 (emphasis in original) (finding that Florida's battery statute, which only required intentional physical contact, no matter how slight, did not constitute "physical force" under § 924(e)(2)(B)(i)). In addition, to determine whether a prior conviction qualifies under the ACCA, the court will ordinarily apply what is called the categorical approach, which looks only at the elements of the statute under which the defendant was convicted. *See Johnson 2015*, 135 S.Ct. at 2557. However, in cases where a particular offense contains multiple elements listed in the alternative, a sentencing court may employ a modified categorical approach

5

and examine a limited set of materials, including the terms of the charging document, to determine which alternative elements formed the basis of the defendant's conviction. *See Mathis v. United States*, 136 S.Ct. 2243, 2249 (2016). Therefore, in evaluating whether Defendant's prior convictions for Oregon first degree robbery and for New Mexico aggravated assault against a household member constitute violent felonies under the force clause of the ACCA, the Court must determine whether the statutes prohibit conduct that "has as an element the use, attempted use, or threatened use of" violent force against the person of another, as that force is defined in *Johnson 2010*.

### A. *Oregon First Degree Robbery*

At the outset, the Court notes that Defendant did not raise in his § 2255 motion the issue of whether or not his Oregon first degree robbery convictions are violent felonies under the ACCA. Nevertheless, since the Government addressed this issue in its response, and Defendant addressed it in his reply, the Court will consider the issue herein.

Oregon's first degree robbery statute states:

> (1) A person commits the crime of robbery in the first degree if the person violates ORS 164.395 [robbery in the third degree] and the person:
>
>> (a) Is armed with a deadly weapon;
>>
>> (b) Uses or attempts to use a dangerous weapon; or
>>
>> (c) Causes or attempts to cause serious physical injury to any person.
>
> (2) Robbery in the first degree is a Class A felony.

O.R.S. § 164.415. Oregon's third degree robbery statute states:

> (1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft or unauthorized use of a vehicle as defined in ORS 164.135 the person

6

> uses or threatens the immediate use of physical force upon another person with the intent of:
>
>> (a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or
>>
>> (b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft or unauthorized use of a vehicle.
>
> (2) Robbery in the third degree is a Class C felony.

O.R.S. § 164.395.

In order to be convicted under Oregon's first degree robbery statute, Defendant had to violate Oregon's third degree robbery statute, while either armed with a deadly weapon, using or attempting to use a dangerous weapon, or causing or attempting to cause serious physical injury to any person. *See* O.R.S. § 164.415. Defendant contends that Oregon's third degree robbery statute does not require sufficient physical force to constitute a violent felony because the Oregon Court of Appeals held that a conviction for Oregon third degree robbery requires only minimal force. *See* [*Doc. 23* at 3] (relying on *State of Oregon v. Herbert Johnson*, 168 P.3d 312, 313 (Or. Ct. App. 2007) (upholding a third-degree robbery conviction where the victim "did not feel a tug or 'much of anything'" when her purse was snatched)). However, Defendant fails to note that in *State of Oregon v. Hamilton*, the Oregon Supreme Court explained that Oregon's state legislature, in enacting the robbery statutes, "adopt[ed] the view that repression of violence is the principal reason for being guilty of robbery." 233 P.3d 432, 436 (Or. 2010) (citation and internal quotation marks omitted). The Oregon Supreme Court further stated that "[i]t is the additional factor of actual or threatened violence that transforms the conduct from theft, which requires only the intent to deprive, into a substantively different crime, robbery." *Id.*

7

The Tenth Circuit was recently confronted with a similar situation where Colorado's Court of Appeals had found that a person could be convicted of Colorado robbery by the use of minimal force, but this decision conflicted with a subsequent Colorado Supreme Court decision that held that "force or fear is the main element of the offense of robbery," and that "the offense of robbery, whether committed by actual force, or by constructive force, i.e., threats or intimidation, is a crime involving the use of force or violence." *See United States v. Harris*, 844 F.3d 1260, 1269 (10th Cir. 2017) (citations, internal quotation marks, and brackets omitted). The Tenth Circuit in *Harris* found that Colorado's robbery statute matches the level of force required by *Johnson 2010* based on the Colorado Supreme Court's holding, and regardless of contrary Court of Appeals decisions. *See Harris*, 844 F.3d at 1269 (stating that "the starting point" to answer whether or not the state statute meets the level of force required by *Johnson 2010* "is the Colorado Supreme Court's express word"). Accordingly, the Court finds that Oregon's third degree robbery statute satisfies *Johnson 2010's* definition of physical force based on the same reasoning and, therefore, Oregon's first degree robbery statute also satisfies this definition because it is comprised of third degree robbery while also either being armed with a deadly weapon, using or attempting to use a dangerous weapon, or causing or attempting to cause serious physical injury to any person. *See* O.R.S. § 164.415. Because the Court finds that Oregon's third degree robbery statute is a violent felony for purposes of the ACCA, the Court need not reach the issue of whether or not Oregon's first degree robbery statute is divisible under *Mathis*, *i.e.*, whether it sets forth separate elements or alternative means of the commission of the offense. *See* [*Doc. 23* at 4]. For these reasons, the Court recommends that Defendant's claim that his convictions for Oregon first degree robbery may not be used as ACCA-predicate offenses be denied.

### B. *New Mexico Aggravated Assault Against a Household Member*

Under New Mexico law, aggravated assault against a household member is a fourth-degree felony and is defined as: (1) unlawfully assaulting or striking at a household member with a deadly weapon; or (2) willfully and intentionally assaulting a household member with intent to commit any felony. N.M.S.A. 1978 § 30-3-13(A). Here, Defendant was convicted of Aggravated Assault Against a Household Member (Deadly Weapon). *See* [*Doc. 20-1* at 1] (Judgment, Sentence and Order Suspending Sentence in Defendant's state case). Defendant contends that New Mexico aggravated assault against a household member with a deadly weapon does not require sufficient physical force to constitute a violent felony because a person "can violate a New Mexico aggravated assault statute, including against a household member, without either intending to injure the victim or, at least, intending to cause the victim to fear injury." [*Doc. 23* at 7] (citation omitted).

The Court finds that this contention is foreclosed by the Tenth Circuit's holding in *United States v. Ramon Silva*, in which the Tenth Circuit found that New Mexico's aggravated assault statute constitutes a "crime of violence" under the *Johnson 2010* standard. 608 F.3d 663, 669-71 (10th Cir. 2010). The Tenth Circuit explained that aggravated assault in New Mexico is defined as "unlawfully assaulting or striking at another with a deadly weapon," and assault is defined "as an attempted battery, certain use of insulting language, or any unlawful act, threat or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery." *Id.* at 669 (citations and internal quotation marks omitted). The Tenth Circuit found that "apprehension causing" aggravated assault constitutes a crime of violence pursuant to *Johnson 2010*, and explained that "[t]hreatening or engaging in menacing conduct toward a victim, with a weapon capable of causing death or great bodily harm, threatens the use of

'*violent* force' because by committing such an act, the aggressor communicates to his victim that he will potentially use '*violent* force' against the victim in the near-future," and because "'apprehension causing' aggravated assault threatens the use of '*violent* force' because the proscribed conduct always has the potential to lead to '*violent* force.'" *Id.* at 670-71. The Tenth Circuit rejected the defendant's contention that New Mexico aggravated assault is not a violent felony under the ACCA because it does not require proof of intent to cause injury or fear of injury, and noted that this argument "ignores Silva's plea of no contest to aggravated assault, which was an admission of intentional conduct." *Id.* at 673. Similarly, here, Defendant pled no contest to his charge of aggravated assault. *See* [*Doc. 20-1* at 1]. In addition, the Tenth Circuit recently held in *Maldonado-Palma* that New Mexico's aggravated assault with a deadly weapon statute (N.M.S.A. 1978 § 30-3-2(A)) is categorically a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015). 839 F.3d at 1248-50. The Tenth Circuit held that New Mexico's aggravated assault with a deadly weapon statute satisfies the elements, or force, clause of U.S.S.G. § 2L1.2(b)(1)(A)(ii), and explained that New Mexico's uniform jury instructions make clear that this statute requires the offender to use the deadly weapon. *See id.* at 1249-50. While Defendant contends that the statute under which he was convicted is different from the statute considered in *Maldonado-Palma* because Defendant was convicted of aggravated assault specifically against a household member (*see Doc. 23* at 9), Defendant provides no support for this contention, and the Court finds no reason to distinguish the two statutes on that basis. Therefore, pursuant to the holdings of *Ramon-Silva* and *Maldonado-Palma*, the Court finds that New Mexico's aggravated assault against a household member statute constitutes a violent felony for purposes of the ACCA, and recommends that Defendant's claim be denied.

**Conclusion**

IT IS THEREFORE RECOMMENDED, for the reasons stated above, that *Defendant-Movant Robert L. Hammons' Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255* [*Doc. 6*] be **DENIED** and that this case be **DISMISSED with prejudice**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**